UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Abdale Basal,

       Plaintiff,

v.                                                            Civil No. 12-2950 (JNE/TNL)
                                                             ORDER

Whelan Security Management Company, Inc.,

       Defendant.

In October 2012, Abdale Basal brought this action against Whelan Security Management Company, Inc., in state court. The next month, Whelan Security Management answered and removed the action from state court. In early January 2013, the magistrate judge held a pretrial conference. Four days later, Basal moved for a voluntary dismissal without prejudice. *See* Fed. R. Civ. P. 41(a)(2). For the reasons set forth below, the Court grants Basal's motion.

"[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id.* A court has discretion to grant a voluntary dismissal:

> A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court. In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.

*Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999) (citations omitted); *see Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213-14 (8th Cir. 2011); *Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005); *Witzman v. Gross*, 148 F.3d 988, 991-92 (8th Cir. 1998).

Basal moved to dismiss this action because he apparently sued the wrong entity[1] and the parties have been unable to agree to a stipulated amendment.  He sought a dismissal very early in the litigation.  A dismissal would not result in a waste of judicial time and effort.  Any prejudice to Whelan Security Management from a dismissal is slight.  *See Thatcher*, 659 F.3d at 1214 ("The motion to dismiss came at the outset of the action, so little judicial time and effort had been expended.  Likewise, any prejudice to defendants was limited because the case had not progressed beyond the pleading stage."); *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987) ("The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side.  Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit.").  Under the facts and circumstances of this case, the Court concludes that a dismissal without prejudice is appropriate.

In granting a voluntary dismissal without prejudice, a court may require the plaintiff to pay the defendant's costs and reasonable attorney fees if the case is brought again.  *Belle-Midwest, Inc. v. Mo. Prop. & Cas. Ins. Guarantee Ass'n*, 56 F.3d 977, 978-79 (8th Cir. 1995); *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 972 (8th Cir. 1984).  Because Basal moved to dismiss this action at a very early stage, the Court declines to impose a condition with respect to costs and attorney fees.[2]  *See Kern*, 738 F.2d at 972 ("Our view is that payment to the defendant of the

---

[1]   In its answer, Whelan Security Management stated that Basal had sued the wrong entity.  According to Basal, "[t]here are at least four different variations of 'Whelan Security' registered with the Office of the Minnesota Secretary of State, all with the same registered address, the same home jurisdiction, and the same chief executive officer."

[2]   The parties discussed a stipulated dismissal before the action was removed from state court.  In early December 2012, after the action's removal, Basal submitted a stipulation of dismissal without prejudice to Whelan Security Management.  *See* Fed. R. Civ. P. 41(a)(1)(A)(ii).  Basal moved for a voluntary dismissal without prejudice in early January 2013.  *See* Fed. R. Civ. P. 41(a)(2).  Whelan Security Management opposed Basal's motion.  None of the arguments made by Whelan Security Management persuade the Court to strike Basal's motion, *see Silberstein v. IRS*, 16 F.3d 858, 860 (8th Cir. 1994) ("[T]he district court has

expenses and a reasonable attorney fee may properly be a condition for dismissal without prejudice under Rule 41(a) but that omission of such condition is not necessarily an arbitrary act.").

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Basal's motion for voluntary dismissal without prejudice [Docket No. 9] is GRANTED.

2. The hearing on March 7, 2013, is CANCELLED.

3. This action is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 13, 2013

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

considerable leeway in the application of its local rules. Indeed, '[i]t is for the district court to determine what departures from its rules may be overlooked.'" (citation omitted)); to grant Basal's motion on the condition that the dismissal be with prejudice; to deny Basal's motion; or to grant Basal's motion on the condition that Whelan Security Management be awarded its costs and conditionally awarded its reasonable attorney fees.